# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KENNETH KOOCK, et al.,**

    Plaintiffs,

v.                                                                        **Case No.: 8:09-CV-609-T-17EAJ**

**SUGAR & FELSENTHAL, LLP, et al.,**

    Defendants.
_____/

## ORDER

Before the court are Defendant Sugar & Felsenthal, LLP's ("S&F's") **Motion to Stay Discovery** (Dkt. 26) and Plaintiffs' **Opposition** (Dkt. 28). For the reasons stated below, Defendant's motion is **DENIED**.

**1.**    **A discovery stay is not required in this case.**

Plaintiffs, alleging diversity of citizenship, have filed a class action complaint asserting causes of action against Defendants for negligence and negligent misrepresentation under Florida law (Dkt. 11). S&F has filed a motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. 13).

In its motion to stay, S&F contends that a discovery stay is required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs, on the other hand, assert that the PSLRA does not apply because they allege only state law causes of action.

Congress passed the PSLRA to "curb the[] perceived abuses" of costly and allegedly meritless private securities fraud class actions. Instituto de Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1344-45 (11th Cir. 2008). The PSLRA includes "a substantially heightened pleading standard for scienter and an automatic stay of discovery pending the resolution of a motion to

dismiss." Id. (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 81-82 (2006)). The PSLRA states:

> In any private action arising under this chapter, <u>all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss</u>, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

Although Plaintiffs assert only state law causes of action, S&F argues that Plaintiffs must bring their claims under the PSLRA because the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1), denies Plaintiffs the right to use the class action device to litigate its state law claims (Dkt. 26 at 4).[1] Thus, according to S&F, the PSLRA's discovery stay applies.

This is incorrect. "The PSLRA has no application to actions in which only state law claims are alleged." Hillis v. Heineman, No. CV-09-73-PHX-DGC, 2009 WL 798872, at *3 (D. Ariz. Mar. 25, 2009) (quoting Tobias Holdings, Inc. v. Bank United Corp., 177 F. Supp. 2d 162, 167 (S.D. N.Y. 2001)). "The PSLRA, by its terms, is limited to actions filed under the federal securities laws and does not apply outside of this context." Id. (citation and internal quotation marks omitted) (rejecting defendants' argument that PSLRA discovery stay applied because plaintiffs asserted purely state law

---

[1] Section 78bb(f)(1) of the SLUSA precludes the litigation of "covered class actions" involving "covered securities" in state courts. A "covered security" is defined as a security that is publicly traded or eligible for trading on a national basis. 15 U.S.C. § 78bb(f)(5)(E); 15 U.S.C. § 77(e). Federal registration is a prerequisite for trading on a national exchange. 15 U.S.C. § 77(e). Plaintiffs contend that the investments at issue in this case were "uncovered securities" because they were unregistered and could not be traded (Dkt. 18 at 12). S&F, on the other hand, argues that the SLUSA governs (Dkt. 26 at 5). Its motion to dismiss asserts only personal jurisdiction arguments, however. In any event, the court does not reach this issue as it determines that the PSLRA discovery stay does not apply.

claims pursuant to diversity jurisdiction).

Spears v. Metropolitan Life Insurance, No. 2:07-CV-00088-RL-PRC, 2007 WL 1468697 (N.D. Ind. May 17, 2007), cited by S&F, is easily distinguished. In Spears, the plaintiffs brought a class action pursuant to the SLUSA and also alleged state law causes of action. Id. at *1. The court stayed discovery as to all of plaintiffs' claims under the PSLRA because there was "no independent jurisdictional basis underlying Plaintiffs' state law claims; instead, jurisdiction over Plaintiffs' state law claims [was] based on supplemental jurisdiction." Id. at *4.

Here, Plaintiffs assert two state law causes of action and are in federal court based on diversity of citizenship (Dkt. 11). Although S&F suggests that Plaintiffs' claims are securities law claims dressed up as tort actions, the court is unpersuaded. See Angell Investments, LLC v. Purizer Corp., No. 01-C-6359, 2001 WL 1345996, at *2 (N.D. Ill. Oct. 31, 2001) (noting PSLRA's goal of preventing unnecessary discovery costs was not thwarted by allowing discovery to proceed on state law claims that were distinct from securities law claims). S&F's motion to stay discovery pursuant to the PSLRA is denied.

**2.     The court will not exercise its discretion to stay discovery under Chudasama.**

Alternatively, S&F argues that a discovery stay is appropriate under Chudasama v. Mazda Motor Corporation, 123 F.3d 1353, 1368 (11th Cir. 1997) (Dkt. 26 at 3). Although motions to stay discovery may be granted pursuant to Fed. R. Civ. P. 26(c), the moving party bears the burden of showing good cause and reasonableness. In re Winn Dixie Stores, Inc. ERISA Litigation, 3:04-cv-194-J-33-MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). Chudasama states: "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." 123 F.3d at 1368.

The holding in Chudasama does not establish the general rule that discovery should not proceed while a motion to dismiss is pending. In Chudasama, the cause of action contested in the motion significantly enlarged the scope of discovery and was "especially dubious." Id. Instead, Chudasama and its progeny "stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." In re Winn Dixie Stores, Inc., 2007 WL 1877887, at *1.

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." Id. (citation and internal quotation marks omitted).

A preliminary review of the case reveals that S&F's motion to dismiss is not so clear on its face that there is "an immediate and clear possibility that it will be granted." Feldman v. Flood, 176 F.R.D. 651, 653 (M.D. Fla. 1997) (citation and internal quotation marks omitted). Plaintiffs were investors in HKW Trading Fund, LLC (the "Fund"), a Delaware limited liability company (Dkt. 11 at ¶ 10). The Fund was managed by HKW Trading, LLC (the "Manager"), also a Delaware limited liability company (Id. at ¶ 5). Howard Waxenberg, who maintained offices in Florida, is alleged to have controlled the Manager and to have been the managing member of the Fund (Id.). Waxenberg retained S&F, an Illinois-based law firm, to prepare a private placement memorandum ("PPM") for the Fund (Id. at ¶ 4). Plaintiffs assert that Waxenberg perpetrated a multi-million dollar Ponzi

4

scheme and "defrauded approximately 200 investors of more that $130 million" (Id. at ¶ 1).[2]

In their two-count complaint, Plaintiffs allege that S&F "owe[d] a duty to the investing public" to investigate the personal history and honesty of Waxenberg and to determine whether he had previously defrauded investors (Id. at ¶¶ 8, 11). Plaintiffs further allege that if S&F had done so, Waxenberg's prior wrongdoing would have been discovered and Plaintiffs' loss would have been avoided (Id. at ¶¶ 40, 48).

S&F contends that its contacts with Florida have been too isolated and sporadic to satisfy the general jurisdiction prong of Florida's long-arm statute (Dkt. 13 at 7) and that the specific jurisdiction prong is not met because S&F does not operate a business in Florida, did not commit a tortious act in Florida, and caused no injury in Florida (Id. at 9-14).

Under Florida's long-arm statute, a foreign defendant can commit a tort within Florida via electronic, telephonic, and written communications into the state "so long as the cause of action arises from those communications." Beta Drywall Acquisition, LLC v. Mintz & Fraade, P.C., 9 So. 3d 651, 653 (Fla. 4th DCA 2009). Plaintiffs list specific acts performed by S&F directed to Waxenberg's Florida operations over a two-year period, and they cite Florida cases supporting the argument that Florida's long-arm statute provides for jurisdiction over nonresident law firms and attorneys who purposely direct activities at Florida (Dkt. 21 at 5-9). See Wendt v. Horowitz, 822 So. 2d 1252 (Fla. 2002); Beta Drywall, 9 So. 3d at 653; Deloitte & Touche v. Gencor Indus., Inc., 929 So. 2d 678 (Fla. 5th DCA 2006). Thus, S&F's motion to dismiss is not so "clearly meritorious" as to justify a discovery stay.

Further, S&F's argument that personal jurisdiction does not exist over a nonresident attorney

---

[2] Waxenberg committed suicide in May 2005 (Dkt. 11 at ¶ 1).

who performs work for a resident client and merely transmits work product to the client in-state is not so clearly meritorious as to justify a discovery stay. According to Plaintiffs, based on S&F's Florida contacts, it was reasonably foreseeable that S&F would be sued in Florida (Dkt. 21 at 10).

Finally, Plaintiffs' claims, unlike those in Chudasama, are not brought under a particularly novel legal theory, will not unduly expand the scope of discovery, and are not "especially dubious." In re Winn Dixie Stores, Inc., 2007 WL 1877887, at *2. After balancing the harm produced by a discovery delay against the possibility that S&F's motion will be granted, the court concludes that the balance tips in favor of permitting discovery to go forward. As Plaintiffs point out, discovery may lead to facts relevant to S&F's motion to dismiss (Dkt. 28 at 8). S&F has not provided Plaintiffs with its Fed. R. Civ. P. 26(a) mandatory disclosures, for example, and this discovery may lead to the identity of individuals with knowledge of the extent of S&F's contacts with Florida (Id.).

Thus, upon consideration, S&F's **Motion to Stay Discovery and Incorporated Memorandum of Law** (Dkt. 26) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on this 19th day of August, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge