UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH KOOCK, et al.,

     Plaintiffs,

v.                          CASE NO. 8:09-CV-609-T-17EAJ

SUGAR & FELSENTHAL LLP,
et al.,

     Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 13  Motion to Dismiss Amended Complaint
Dkt. 14  Affidavit
Dkt. 15  Affidavit
Dkt. 16  Affidavit
Dkt. 21  Response
Dkt. 23  Motion for Leave to File Reply
Dkt. 47  Supplement

The Amended Class Action Complaint in this case includes the
following: 1) Count I - Negligence; and 2) Negligent
Misrepresentation by Omission. The claims in this case arose
from the Ponzi scheme carried out by Howard K. Waxenberg, which
defrauded 200 investors of $130,000,000. The claims are brought
against Defendant Sugar & Felsenthal LLP f/k/a Sugar, Friedberg &
Felsenthal LLP, and John Doe 1-10, the law firm who acted as
counsel for Howard K. Waxenberg and one or more of the entities
through which the Ponzi scheme was carried out, as well as the
individual members of the law firm. The entities are HKW Trading
Fund I LLC, Howard Waxenberg Trading L.L.C. Fund One, and Downing
& Associates Technical Analysis.

Plaintiffs allege that the offering documents omitted material facts and failed to make full, complete and adequate disclosures as to various issues associated with Howard K. Waxenberg and his entities.

Plaintiffs allege: 1) Defendants omitted to inform investors that Howard K. Waxenberg received a lifetime trading ban from the securities industry and a $15,000 fine for lying to and stealing from his employer, Jefferies & Co.; 2) Defendants did not make reasonable inquiry of the financial records of the entity or entities, when a review would have disclosed the existence of the Ponzi scheme; 3) Defendants did not disclose that the Funds generated insufficient profits to pay the reported returns; 4) Defendants did not require any truly independent third party accounting or financial firm to review the operations of the Waxenberg Funds to verify that they were in fact acting properly; 5) Defendants omitted to disclose that Howard K. Waxenberg and/or his affiliated entities were improperly and illegally acting as an unregistered investment adviser, when Florida law requires registration.

Plaintiffs allege that Defendants can claim no attorney-client or other privilege as a defense as a matter of law, because information which is intended for release to third parties, such as prospectuses, offering statements, and private placement memoranda designed for and distributed to the investing public, are not subject to any such privilege, and must be accurate.

Plaintiffs further allege that the delayed discovery doctrine applies to this cause of action due to Defendants'

material omissions, and Plaintiffs could not have reasonably learned about the events giving rise to this cause of action until at least mid-May, 2005, when Howard K. Waxenberg committed suicide and the Ponzi scheme was revealed.

Plaintiffs further allege that Defendant S&F, by preparing the private placement memorandum for a Florida-based enterprise, effectively conducted business in Florida, and could reasonably expect to be subject to the jurisdiction of the Court in the Middle District of Florida.

Plaintiffs further allege that Defendant S&F intended that the materials prepared by it were to be used in the State of Florida by its client, Mr. Waxenberg, and his affiliated entities, by furnishing such documents to investors either personally or through the mails and delivery services, emanating from Waxenberg's Florida offices.

The basis of jurisdiction is diversity, 28 U.S.C. Sec. 1332(a) and 28 U.S.C. Sec. 1332(d)(2)(a).

Plaintiffs Kenneth Koock and Cristine Koock are residents of New Jersey. Defendant Sugar & Felsenthal LLP is a limited liability partnership with its principal place of business in Chicago, Illinois.

I. Standard of Review

When considering a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they

are not contradicted by defendant's affidavits. See <u>Morris v. SSE, Inc.</u>, 843 F.2d 489, 492 (11th Cir.1988). The parties have submitted evidentiary materials in support of their respective positions. While the consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, see Fed.R.Civ.P. 12(b), in the context of personal jurisdiction the motion remains one to dismiss even if evidence outside the pleadings is considered. <u>Bracewell v. Nicholson Air Servs. Inc.</u>, 748 F.2d 1499, 1501 n. 1 (11th Cir.1984). An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory. See, e.g., <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir.1990); <u>Bracewell</u>, 748 F.2d at 1504.

Once the plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings. See <u>Future Tech Today, Inc. v. OSF Healthcare Sys.</u>, 218 F.3d 1247, 1249 (11th Cir.2000). When the nonresident defendant meets this burden, the plaintiff must substantiate the jurisdictional allegations in its complaint by affidavits or other competent proof," and may not merely rely upon the factual allegations set forth in the complaint. <u>Id</u>,; <u>Posner v. Essex Ins. Co.</u>., 178 F.3d 1209, 1215 (11th Cir.1999). Where the plaintiff's evidence and defendant's evidence conflict, all reasonable inferences must be construed in favor of the plaintiff.

Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir.2006); Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir.1988). When there is no conflict between the parties' affidavits as to the essential jurisdictional facts, the Court can resolve the issue of jurisdiction on the basis of the affidavits. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Wellesley Income Partnership Ltd. IV v. Gemini Equities, Inc., 650 So.2d 1108, 1110 (Fla.Dist.Ct.App.1995). The failure of a plaintiff to refute the allegations of the defendant's affidavit requires that a motion to dismiss be granted, provided that the defendant's affidavit properly contests the basis for long-arm jurisdiction by legally sufficient facts. Venetian Salami, 554 So.2d at 502; Lampe v. Hoyne, 652 So.2d 424, 425 (Fla.Dist.Ct.App.1995).


I. Florida Long Arm Statute

The Florida long-arm statute allows jurisdiction over an out-of-state defendant only if: 1) the defendant engages in acts that are specifically enumerated in Sec. 48.193(1), Fla. Stat. (specific jurisdiction); or 2) the defendant engages in substantial, continuous, systematic and not isolated activity in the state as provided for in Sec. 48.193(2), Fla. Stat. (general jurisdiction).

A. General Jurisdiction

Defendant Sugar & Felsenthal, LLP ("S&F") argues that Defendant's contacts with Florida have been isolated, sporadic and wholly insubstantial. Defendant S&F performed services for Howard K. Waxenberg from May, 2003 to April, 2005, and the work was in connection with the establishment of HKW Trading Fund I LLC (the "Fund") and HKW Trading, LLC (the "Manager"). Defendant S&F states it has no office, agent or presence in Florida and does not solicit business or advertise there. To Defendant S&F's knowledge, Howard K. Waxenberg was an out-of-state resident who merely had an office in Florida. During the relevant time, 4 to 6 of S&F's 850 to 1050 clients were Florida residents, and most of those clients became clients when they resided in Illinois, before moving to Florida. The revenues collected from the "Florida" clients amounted to 45/100 of one percent of S&F's income. Between 2002 and 2009, Defendant S&F performed work for 2 to 6 Florida clients. Defendant S&F's revenue from those clients amounted to one half of one percent of S&F's revenue.

A plaintiff must establish that there is general jurisdiction over a defendant only where a defendant's contacts with the forum state are unrelated to the plaintiff's cause of action. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984). In this case, Plaintiffs contend that the allegations of the Amended Complaint establish specific jurisdiction under Sec. 48.193(1)()b), Fla. Stat.

After consideration, the Court finds that the allegations of the Amended Complaint, and supporting documents, do not establish general jurisdiction.

B.  Specific Jurisdiction

Florida's long-arm statute states:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself...to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, or engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

. . . . .

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury either:

  1.  The defendant was engaged in solicitation or service activities within this state; or

  2.  Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Defendant S&F argues that Defendant S&F does not meet the requirements of the above sections of Florida's long-arm statute.

1)  Sec. 48.193(1)(b)

As to Sec 48.193(1)(b), Defendant S&F argues that whatever investigation S&F did or did not conduct, and whatever material

facts it may have omitted from the PPM, its supposedly tortious failures occurred in Illinois, not Florida. No S&F attorney was ever in Florida. All S&F work for Howard K. Waxenberg and the drafting of the PPM was done in Illinois. Defendant S&F argues that Plaintiffs do not allege that any S&F lawyer did or failed to do anything in Florida. The only acts that connect S&F to Florida are telephone calls or the mailing or emailing of communications or documents to Howard K. Waxenberg. Defendant S&F argues that the cause of action for failing to adequately investigate Waxenberg could not conceivably arise from the doing of any [those] acts, as required by Sec. 48.193(1)(a).

Defendant S&F relies on <u>Wendt v. Horowitz</u>, 822 So.2d 1252 (Fla. 2002). The Florida Supreme Court held that an out-of-state communication sent into Florida could constitutes a tortious act in Florida only if "the tort alleged arises from such communications". The Florida Supreme Court pointed to defamation, slander and the unlawful recording of telephone calls as examples of communication that in and of itself constituted the tortious conduct. Defendant S&F argues that merely sending documents, even if negligently prepared, into Florida is not sufficient to constitute the commission of a tortious act in Florida.

Plaintiffs Kenneth Koock, et al., respond that the Amended Complaint adequately alleges that Defendant S&F's conduct falls within the confines of Sec. 48.193(1)(b), <u>Fla.</u> <u>Stat</u>. Plaintiffs argue that physical presence is not required to commit a tortious act in Florida because the tort can be conducted via electronic, telephonic or written communications, so long as the tort is connected to those communications. Plaintiffs rely on <u>Beta</u>

Drywall Acquisition, LLC v. Mintz & Faede, P.C., 2009 WL 763550
(Fla. 4th DCA 2009); Becker v. Hooshmand, 841 So.2d 561 (Fla. 4th
DCA 2003) and Deloitte & Touche v. Gencor Industries, Inc., 929
So.2d 678 (Fla. 5th DCA 2006).

In the Amended Complaint, Plaintiffs allege that Defendant
S&F conducted business in Florida by preparing the private
placement memorandum for a Florida-based enterprise, and could
reasonably expect to be subject to the jurisdiction of the Court
in the Middle District of Florida. Plaintiffs further allege
that Defendant S&F intended that the materials prepared by
Defendant were to be used in the State of Florida by its client,
Mr. Waxenberg and his affiliated entities, by furnishing the
documents to investors either personally or through the mails and
delivery services emanating from Waxenberg's Florida offices. The
Amended Complaint is a class action complaint for negligence and
for negligent misrepresentation by omission.

The Amended Complaint states that Defendant S&F owed a duty
to the investing public, including Koock and the class, to ensure
that full and fair disclosures were made on offering documents
drafted by Defendant S&F, that Defendant S&F breached that duty
owed to Plaintiffs, that Defendant S&F's negligence proximately
caused damage to the Koocks and the class. Plaintiffs further
allege that the negligence was willful.

The Amended Complaint further states that Defendant S&F,
as counsel to the Waxenberg-related investment entities, owed a
duty to the investing public, including the Koocks and the class,
to ensure that full and fair disclosures were made on the

9

offering documents drafted by Defendant S& F, that Defendant S&F breached that duty by negligently omitting from disclosure the material items enumerated in the Amended Complaint, and the negligence of Defendant S&F proximately caused damages to Koock and the class. Plaintiffs further allege that the negligent misrepresentations were willful.

The Court concludes that Plaintiffs have stated causes of action for negligence and negligent misrepresentation. The Court's next inquiry is whether the torts, as alleged, occurred in Florida.

It is not disputed that Defendant S&F sent communications by mail and email to the "Manager" and the "Company" at a Florida address. It is not disputed that there were telephone calls between Defendant S&F in Chicago, Illinois and the "Manager" and the "Company" in Florida.

Committing a tortious act in Florida can occur through a non-resident's telephonic, electronic or written communications into Florida. Physical presence in Florida is not required. However, the tortious act must arise from the communication. The Florida Supreme Court identified the torts of defamation, slander, or wrongful recording of communications as torts which meet the "connexity" requirement of Sec. 48.193(1)(b)--the causal connection between the defendant's activities in Florida and the plaintiff's cause of action. In other words, the communication itself must be the tortious act for the tort to "arise from" the communication. See Carlyle v. Palm Beach Polo Holdings, Inc., 842 So.2d 1013 (Fla. 4th DCA 2003).

Beta Drywall, supra, is distinguishable from the facts of this case because Beta involved claims for breach of fiduciary duty and legal malpractice directed to Florida corporations, which accrued in Florida arising from faulty "Articles" filed in Florida.

After consideration, the Court grants the Motion to Dismiss for lack of personal jurisdiction as to Sec. 48.193(1)(b).

2) Sec. 48.193(1)(a)

In order to determine whether a defendant is conducting business in Florida for purposes of the long-arm statute, the Court must consider the defendant's activities collectively, and determines whether the activities establish a general course of business activity in the state for pecuniary benefit. Relevant factors include whether the defendant maintains and operates an office in Florida, the possession and maintenance of a license to do business in Florida, the number of clients served, and the percentage of overall revenue derived from Florida clients. See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, 421 F.3d 1162, 1167 (11th Cir. 2005)(internal citations omitted).

In their response, Plaintiffs do not argue that Defendant's activities establish that Defendant S&F was conducting business in Florida. Based on the above factors, the Court concludes that Defendant S&F was not conducting business in Florida.

After consideration, the Court grants the Motion to Dismiss for lack of personal jurisdiction as to Sec. 48.193(1)(a).

3) Sec. 48.193(1)(f)

The Court notes that Plaintiffs allege only a financial injury. Sec. 48.193(1)(f) subjects nonresident defendants to jurisdiction only in cases of personal injury or damage to property. Aetna Life & Cas. Co. V. Therm-O-Disc, Inc., 511 So.2d 992, 994 (Fla. 1987).

After consideration, the Court concludes that Sec. 48.193(1)(f) cannot form the basis of personal jurisdiction. The Court **grants** Defendant's Motion to Dismiss for lack of personal jurisdiction.

II. Due Process

The Court has concluded that the allegations of the Amended Complaint do not establish general or specific jurisdiction over Defendant S&F pursuant to Florida's long-arm statute. Therefore, it is not necessary to address the constitutional due process requirements.

III. Venue and Transfer

Because the Court has granted the Motion to Dismiss for Lack of Personal Jurisdiction, the Court **denies** the Motion to Dismiss for Improper Venue and the Motion to Transfer as moot. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **granted**. The Motion to Dismiss for Improper Venue is **denied** as moot, and the Motion to Transfer is

Case No. 8:09-CV-609-T-17EAJ

**denied** as moot.   The Clerk of Court shall close this case.


   **DONE and ORDERED** in Chambers, in Tampa, Florida on this
25th day of March, 2010.


                              ELIZABETH A. KOVACHEVICH
                              United States District Judge

Copies to:
All parties and counsel of record