UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH KOOCK, et al.,

    Plaintiffs,

v.                              CASE NO.: 8:09-CV-00609-EAK-17EAJ

SUGAR & FELSENTHAL LLP, et al.,

    Defendants.

## MOTION TO RECONSIDER AND VACATE ORDER DATED MARCH 25, 2010, AND/OR MOTION FOR A TRANSFER OF VENUE IN LIEU OF DISMISSAL, AND REQUEST FOR ONE-HALF HOUR OF ORAL ARGUMENT ON THE MOTION

The Plaintiffs, pursuant to Fed.R.Civ.P. 59(e) and/or 60(b), request that the Court:

(1) reconsider its March 25, 2010 Order granting Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and vacate that Order based on a finding that jurisdiction over the Defendants exists in this Court; and/or

(2) vacate that Order and transfer this Action to the United States District Court for the Eastern District of Illinois, instead of dismissing the case outright, in the event the Court considers that venue is improper in Florida.[1]

The Plaintiffs also, pursuant to Middle District Local Rule 3.01(j), request that the Court set an oral argument of one-half hour on this critical issue.

## OVERVIEW

The Court's ruling on jurisdiction appears to have entirely overlooked, as it makes no mention of, any of the evidence provided to the Court as part of the Plaintiffs' December 18,

---

[1] The Court denied the Defendants' Motion to Transfer Venue as moot. *See* Dkt. 52. The Defendants are located in Chicago, Cook County, Illinois, which falls within the Eastern District of Illinois.

2009 "Supplement to the Plaintiff's Opposition to the Defendants' Motion to Transfer Venue, Based on Newly Discovered Evidence," filed as Dkt. 47.

The Plaintiffs' Supplement contained evidence that the Plaintiffs obtained after they successfully resisted the Defendant's Motion for Protective Order (*See* Dkt. 44-46). The documentary evidence the Plaintiffs put before the Court in that Supplement included information that the Defendants had provided Florida Ponzi schemer Howard Waxenberg with securities offering documents that were used to defraud investors in Florida and elsewhere, including:

- "Private Placement Memorandum"; and
- "Subscription Package."

*See*, Dkt. 47-2, Exhibit 2. The Supplement also contained evidence that the Defendants gave Mr. Waxenberg business advice in Florida regarding regulatory compliance issues; the Defendants even registered the fraudulent Ponzi scheme entities in Florida, for Mr. Waxenberg. *See*, Dkt. 47-2, Exhibits 4-5; 7- 9.

This information, which shows that the Defendants' communications with Florida included providing the faulty securities offering documents that led to the Plaintiffs' losses, was not addressed in the Court's ruling on jurisdiction. The Court is requested to schedule a brief (one-half hour) hearing to consider arguments of counsel on the import of this evidence, and then vacate its Order to find that jurisdiction does exist. In the alternative, the Court is requested to vacate its Order on jurisdiction, but transfer the cause to the Eastern District of Illinois, in the event the Court finds that venue is not proper here.

## MEMORANDUM IN SUPPORT OF MOTION

### Standard of Review

A motion to alter or amend a judgment may be filed no later than 28 days after the entry of the judgment for which reconsideration is sought under Fed.R.Civ.P. 59(e). Fed.R.Civ.P. 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding based on (1) mistake or (6) "any other reason that justifies relief."

This Court has previously recognized that motion for reconsideration may be granted when there is a "need to correct clear error or manifest injustice." Short v. Immokalee Water & Sewer Dist., 1994 WL 531526, *1 (M.D. Fla. 1994) (Kovachevich, J., granting a motion for reconsideration and vacating a motion to dismiss), and the Order for which rehearing is sought involves a dismissal of all claims, which is subject to *de novo* review.[2]

### I. THE PLAINTIFFS PROVIDED – BUT THE COURT APPEARS TO HAVE OVERLOOKED – EVIDENCE OF "CONNEXITY" BETWEEN THE DEFENDANTS' CONTACTS WITH FLORIDA, AND THE CAUSE OF ACTION.

The Court, in its outright dismissal of this case, found that the cause of action lacked the "connexity requirement of Sec. 48.193(1)(b) – the causal connection between the defendant's activities in Florida and the plaintiff's cause of action." *See* Order at p. 10. The Court, however, cites only to the Complaint's allegations and the Defendants' responses, and *not to any of the actual evidence provided to the Court* in the Plaintiff's December 18, 2009 "Supplement," Dkt. 47.

---

[2] The standard of review on a motion to dismiss is *de novo*, and consideration should be limited to "the four corners of the complaint." *See e.g.*, Keating v. City of Miami, __ F.3d __, 22 Fla. L. Weekly Fed. 565, 2010 WL 703000, *5, (11th Cir. 2010). A complaint should not be dismissed unless it appears "beyond doubt" that no set of facts would entitle the complaining party to relief, and a trial court is required to view the complaint in the light most favorable to the party opposing dismissal. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1947), cited in Prentice v. Prentice Colour, Inc., 779 F.Supp. 578, 580 (M.D. Fla. 1991) (Kovachevich, J., granting a motion for reconsideration on issues which included dismissal).

3

The evidence in that Supplement includes, but is not limited to, the actual faulty securities offering documents that were sent into Florida to Mr. Waxenberg's offices, and then used to defraud investors in Florida and elsewhere. That evidence also includes the Defendants' registration of the Ponzi scheme entities in Florida.

In short, the Court's finding – that "connexity" between the Defendants' Florida communications and the cause of action does not exist – is refuted by the evidence. Had the Defendants not directed their defective legal services into Florida, which included the very same securities offering documents used to lure investors into a fraudulent Ponzi scheme, no cause of action would exist. The Court is urged to revisit its "connexity" finding based on the evidence.

II. **JURISDICTION IN FLORIDA IS PROPER UNDER §48.193(1)(b), FLA. STAT., BECAUSE THE EVIDENCE ATTACHED TO THE PLAINTIFF'S SUPPLEMENT SHOWS THAT THE DEFENDANTS' COMMUNICATIONS INTO FLORIDA WERE INEXTRICABLY TIED TO THEIR DAMAGES.**

"Committing a tortious act within this state" is a basis for jurisdiction under Florida's long-arm statute, §48.193(1)(b), Fla. Stat. The Plaintiffs' cause of action, as supported by the evidence attached to their Supplement, shows that the Defendants deliberately and for pecuniary gain directed legal services into Florida. The defective securities offering information the Defendants prepared and sent to Mr. Waxenberg in Bradenton was then used to perpetuate a massive financial fraud. If these Defendants had not engaged in those activities: had they not sent defective offering documents to Florida, and had they not assisted Mr. Waxenberg register his fraudulent entities in Florida – there would be no damage to investors, and no cause of action.

The Court's Order references the Florida Supreme Court's ruling in Wendt v. Horowitz, 822 So.2d 1252 (Fla. 2002), but the Court does not appear to apply the holding of that case, which is that "telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction under section 48.193(1)(b) if the alleged cause of action arises from the

4

communications."[3] Id. at 1260. Wendt is factually similar; there, an out-of-state attorney "negligently responded" and "negligently drafted" documents relating to the sale of unregistered securities "which resulted in Florida residents sustaining personal injuries and monetary losses." Id. at 1257. In this case, the Defendants negligently drafted, and sent into Florida, documents relating to the sale of Waxenberg's unregistered Ponzi scheme hedge funds.

### III. THE APPROPRIATE REMEDY IS A CHANGE OF VENUE, EVEN IF THE COURT DOES NOT BELIEVE VENUE IS PROPER HERE.

The Court "conclude[d] that Plaintiffs have stated causes of action for negligence and negligent misrepresentation." Order at p. 10. Despite that finding that a valid cause of action exists, the Court dismissed all claims.

The appropriate remedy would have been a change of venue, not dismissal, even if the Court found that (despite the Plaintiff's evidence "connexity" between the cause of action and the Defendants' Florida communications) venue was improper here. When the Court encountered this issue before in Prentice v. Prentice Colour, Inc., 779 F.Supp. 578, 589 (Kovachevich, J., M.D. Fla. 1991), the Court gave a notably different outcome. In Prentice, this Court granted a Motion for Reconsideration and "found that Plaintiff did not make a *prima facie* showing of general jurisdiction under the Florida long arm statute," but rather than dismissing the action, the Court transferred Prentice to the South District of Texas. Id.

If the Court is not inclined to reinstate this action in its entirety in the Middle District of Florida, in lieu of an outright dismissal, the Court should transfer this action to a United States District Court for the Eastern District of Illinois, where the Defendant is located, as it did in Prentice.

---

[3] The Court ultimately did not determine whether personal jurisdiction was established in that case because it must first be determined whether the complaint states a cause of action. Id.

5

IV.     **THE COURT SHOULD HOLD A HEARING ON THIS EVIDENCE.**

The Court, on page 4 of its Order, noted that an evidentiary hearing on a motion to dismiss for a lack of personal jurisdiction is discretionary, that once the plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations, and that: "When the nonresident defendant meets this burden, the plaintiff must substantiate the jurisdictional allegations in its complaint by affidavits or other competent proof." Order at 6.

The evidence submitted to the Court with the Plaintiffs' Supplement is exactly the type of proof anticipated, yet the Court failed to set an evidentiary hearing to consider that proof and/or hear arguments of counsel. The Court can and should rectify that situation now, by setting a hearing on this motion.

## CONCLUSION

The Court is respectfully requested to consider all the evidence contained in the Plaintiffs' Supplement, then vacate its March 25, 2010 Order by finding that jurisdiction exists, and reinstate the Plaintiffs' case in its entirety. In the alternative, the Court should vacate its dismissal but transfer the Complaint to the United States District Court for the Eastern District of Illinois.

## CERTIFICATE OF LOCAL RULE 3.01(g) COMPLIANCE

Counsel for the Defendants was consulted before this motion was filed, and they do not agree to the relief sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of April, 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will serve the foregoing on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

William C. Guerrant, Jr., Esq.
Hill Ward Henderson
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 33602
Phone: (813) 221-3900
Fax: (813) 221-2900
wguerrant@hwhlaw.com
Local Counsel for Defendant

Celiza P. Bragança, Esq., *Pro Hac Vice*
Matthew T. Slater, Esq., *Pro Hac Vice*
Paul E. Slater, Esq., *Pro Hac Vice*
Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
cbraganca@sperling-law.com
mslater@sperling-law.com
pes@sperling-law.com

Daniel A. Shmikler, Esq., *Pro Hac Vice*
Sperling & Slater, P.C.
55 W Monroe Street, Suite 3300
Chicago, IL 60603
Counsel for Defendant

Of Counsel:

Daniel F. Konicek, Esq., *Pro Hac Vice*
Konicek & Dillon, P.C.
21 W. State St.
Geneva, IL 60134
Phone: (630) 262-9655
Fax: (630) 363-9659
dan@konicekdillonlaw.com

/s/ Guy M. Burns
Guy M. Burns
guyb@jpfirm.com
Florida Bar No. 0160901
Jonathan S. Coleman
jonathanc@jpfirm.com
Florida Bar No. 797480
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, FL 33601-1100
Telephone: (813) 225-2500
Facsimile: (813) 223-7118
Plaintiffs' Class Counsel

#135354.2