UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH KOOCK, et al.,

     Plaintiffs,

v.                                   CASE NO. 8:09-CV-609-T-17EAJ

SUGAR & FELSENTHAL, LLP,
et al.,

     Defendants.

_____/

ORDER

This cause is before the Court on:

    Dkt. 54 Motion to Reconsider and Vacate Order
          and/or Motion for Transfer of Venue in
          Lieu of Dismissal
    Dkt. 55 Notice
    Dkt. 56 Response
    Dkt. 57 Notice of Supplemental Authority
    Dkt. 58 Response

Plaintiffs move for reconsideration of the Order dismissing
the Amended Class Action Complaint for lack of personal
jurisdiction, and denying the motion to dismiss for improper
venue and motion to transfer as moot (Dkt. 52), pursuant to
Fed.R.Civ.P. 59(e) and/or 60(b)(1), mistake, or 60(b)(6), any
other reason that justifies relief.

Plaintiffs request that the Court reconsider the dismissal
for lack of personal jurisdiction, and/or vacate the Order, and
transfer this action to the United States District Court for the
Northern District of Illinois, Eastern Division, instead of
dismissing this case outright, in the event that the Court
considers venue improper in Florida.

Plaintiffs argue that the Court overlooked Dkt. 47, Plaintiffs' Supplement.

Defendant S&F responds that the Supplement concerned only venue, and did not mention in personam jurisdiction. Defendant S&F argues that Plaintiff's Supplement shows no basis for personal jurisdiction. Defendant S&F also notes that Defendant responded to Plaintiffs' Supplement, by filing a Response, Dkt. 49, in which Defendant S&F contends that Plaintiff's Supplement was untimely.

I. Standard of Review

The denial of a Rule 59(e) motion to alter or amend judgment is reviewed for abuse of discretion. The denial of a Rule 60(b) motion is reviewed for abuse of discretion. Rule 60(b), authorizing a court to relieve a party or a legal representative from a final judgment for any reason justifying relief, is to be liberally applied in a proper case, that is, in a case involving extraordinary circumstances or extreme hardship. Lender v. Unum Life Ins. of America, Inc., 519 F.Supp.2d 1217 (M.D. Fla. 2007)

The Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." A motion for reconsideration is not to be used "to raise arguments which could and should have been made earlier." The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Beeders v. Gulf Coast Collection Bureau,

Case No. 8:09-CV-609-T-17EAJ

2009 WL 3013502, *1 (M.D. Fla. Sept. 16, 2009)(internal citations omitted). There are three major grounds justifying reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Id at *2 (internal citations omitted).

II.  Motion for Reconsideration

A.  Personal Jurisdiction

The Court has examined the Court's ruling granting the motion to dismiss for lack of personal jurisdiction, and does not perceive any error requiring reconsideration of that ruling.  The Court **denies** the Motion for Reconsideration as to this issue.

B.  Dkt. 47 Supplement

Plaintiffs argue that the Court overlooked the evidence Plaintiffs provided as to "connexity."

The Court notes that Dkt. 47, Supplement, is included in the documents the Court considered in ruling on the Motions (Dkt. 52, p. 1).  The Court further notes that Plaintiff's Supplement does not mention jurisdiction.  Based on the request for relief in the Supplement, Plaintiffs intended that the Court consider the Supplement in conjunction with Plaintiffs' **opposition** to Defendant S&F's alternative Motion to Transfer **Venue**.  Now Plaintiffs have changed their tune, and **request** transfer rather than **opposing** transfer.  The Court is not aware of any reason Plaintiffs could not have moved to transfer before the Court's

3

order denying Defendant's alternative Motion to Transfer. Instead, Plaintiffs elected to **oppose transfer**. The Court has considered the factors identified in <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396 (5th Cir. 1981). After consideration, the Court finds that there is no hardship or extraordinary circumstance present that would render the alteration of the final judgment under Rule 60(b)(6) appropriate.

The Court did not overlook Plaintiffs' Supplement. The Court finds that there was no mistake which would render alteration of the judgment under Rule 60(b)(1) appropriate. Defendant S&F's Motion (Dkt. 13) was a motion to dismiss for lack of personal jurisdiction, a motion to dismiss for improper venue, and, in the alternative, a motion to transfer venue to the Northern District of Illinois. After consideration, the Court granted the motion to dismiss for lack of personal jurisdiction, and ruled that the motion to dismiss for improper venue and the alternative motion to transfer were moot. If the Court had **denied** the motion to dismiss for lack of personal jurisdiction, the Court would have ruled on the motion to dismiss for improper venue and the alternative motion to transfer. Jurisdiction relates to the power to adjudicate; venue is an administrative limitation on where the power to adjudicate should be exercised. The Court reasoned that, since personal jurisdiction was not established, it did not matter if venue was proper. Further, if the motion to dismiss for lack of personal jurisdiction had been **denied**, the Court would have considered whether, after balancing the factors relevant to transfer, the balance strongly indicated that, even though the case could be pursued in this district, the case should be transferred to another district, i.e. for the convenience of parties and witnesses or for some other reason

that strongly supported the propriety of transfer.

After consideration, the Court **denies** the Motion for Reconsideration as to Plaintiff's Supplement, and denies the Motion to Transfer Venue in lieu of dismissal. Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Reconsider and Vacate Order and/or Motion for Transfer of Venue In Lieu of Dismissal (Dkt. 54) is **denied.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 30th day of March, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge